# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CARMELA DODRILL,**
**Appellant Below, Petitioner**

**v.) No. 25-ICA-411**        (Bd. of Review Case No. 25-BOR-2044)

**WEST VIRGINIA DEPARTMENT OF**
**HUMAN SERVICES, BUREAU FOR**
**SOCIAL SERVICES,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carmela Dodrill appeals the August 25, 2025, decision of the West Virginia Office of Inspector General Board of Review ("Board"). The Board upheld Respondent West Virginia Department of Human Services, Bureau for Social Services' ("DOHS") substantiation of the neglect allegations against Ms. Dodrill. DOHS filed a response.[1] Ms. Dodrill did not file a reply. The issue on appeal is whether the Board's decision to uphold the substantiation of neglect is clearly wrong.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's August 25, 2025, decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Dodrill was employed by Seneca Health Services and provided nursing care services through the West Virginia Intellectual and Developmental Disabilities ("I/DD") Waiver Program to a client with initials J.M.[2] In April of 2025, Adult Protective Services ("APS"), a division of DOHS, received allegations of neglect against Ms. Dodrill regarding her care of J.M. APS investigated and determined that the neglect allegations—specifically, that Ms. Dodrill failed to provide necessary toileting care and assistance to J.M.—were substantiated. Ms. Dodrill disagreed with APS's determination and filed a

---

[1] Ms. Dodrill is self-represented. DOHS is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Angela M. Alexander, Esq.

[2] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In Re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

request for an administrative hearing, which the Board's Administrative Law Judge ("ALJ") conducted on July 14, 2025. At the hearing, five exhibits were admitted into evidence and two representatives from APS provided testimony. Ms. Dodrill testified on her own behalf but did not call any other witnesses or submit any documentary evidence.

In its August 25, 2025, decision, the Board made the following findings of fact, which are supported by the record:

1. On April 11, 2025, [APS] division received neglect allegations regarding [Ms. Dodrill] and 62-year-old Intellectual and Developmentally Disabled (I/DD) waiver client J.M.
2. [APS] conducted an investigation into the allegations. On May 8, 2025, [APS] determined that [Ms. Dodrill] neglected J.M. from a failure to provide necessary toileting care and assistance.
3. J.M. was an I/DD waiver client residing in a home with I/DD waiver client R.H.
4. [Ms. Dodrill] worked for Seneca Health Services Inc., and provided care services for both J.M. and R.H.
5. [Ms. Dodrill] worked with both residents for over five years.
6. When J.M. had a bowel movement, she would wipe herself with [Ms. Dodrill] observing.
7. [Ms. Dodrill] would not routinely assist in cleaning J.M. after a bowel movement.
8. J.M. had instances of having feces in her underwear at the end of [Ms. Dodrill's] shift.
9. [Ms. Dodrill] testified that it was the other staff workers who were responsible for the uncleaned feces.
10. On or around April 11, 2025, [Ms. Dodrill] had a work shift from 7 a.m. to 3 p.m.
11. J.M.'s bed, linens, and some clothes were soaked with urine.
12. [Ms. Dodrill] placed all the urine-soaked linens and clothes in a pile on the floor in J.M.'s bedroom.
13. [Ms. Dodrill] washed some clothes during her shift.
14. Worker [M.B.] followed [Ms. Dodrill] in caring for J.M.
15. [M.B.] reported that J.M. was in the same clothes she urinated in, the bed was still urine-soaked, and the pile of linens and clothes had made the floor wet with urine.
16. Worker [S.S.] reported that [Ms. Dodrill] did not clean J.M. as required.
17. [S.S.] reported that J.M. has a hard time wiping her bottom after a bowel movement, and [Ms. Dodrill] will not help her. She indicated that when J.M. had feces in her underwear, [Ms. Dodrill] would not change her.
18. [Ms. Dodrill] met with the responding APS [w]orker on April 18, 2025.

19. When [Ms. Dodrill] was asked if it was true that J.M. had feces in her underwear at the end of [Ms. Dodrill's] shift, [Ms. Dodrill] reported that it is not in J.M.'s program that someone needs to wipe her.
20. [Ms. Dodrill] indicated that J.M. can wipe herself if she stands up.
21. [Ms. Dodrill] testified that allegations and false statements made against her were retaliation for a grievance she had filed regarding work shifts.

Based on these factual findings, the Board made the following conclusions: (1) the evidence presented at the hearing demonstrated that Ms. Dodrill did not provide necessary toileting care to J.M.; (2) by not providing proper toileting hygiene care to J.M., Ms. Dodrill placed J.M.'s health at risk; (3) the evidence presented did not support Ms. Dodrill's contention that the allegations against her were false and in retaliation for a grievance she filed regarding work shifts; and (4) and the evidence presented did not support Ms. Dodrill's contention that other workers were responsible for the uncleaned feces. As a result, the Board upheld APS's determination that neglect allegations were substantiated. Ms. Dodrill's appeal of the Board's August 25, 2025, decision followed.

Our governing standard of review for a contested case from the Board is as follows:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

West Virginia Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16B-2-2(c) (2024) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board appeals). "The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an [administrative] agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 2, *Antero Res. Corp. v. Steager*, 244 W. Va. 81, 851 S.E.2d 527 (2020) (citing Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996)). Further, it is soundly established that on appeal, "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534 (2007); *Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81,

2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (noting that an appellate court will not reweigh the evidence presented below on appeal).

On appeal, Ms. Dodrill primarily argues that the Board erred in adopting DOHS' version of the facts. We disagree.

This Court "must evaluate the record of [the] agency's proceeding to determine whether there is evidence on the record as a whole to support the agency's decision." Syl. Pt. 1, in part, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997). If there is evidence to support the agency's decision, then this court must affirm "regardless of whether the court would have reached a different conclusion on the same set of facts." *Id.* Our review of the record shows substantial evidence supporting the Board's decision to uphold APS's substantiation of neglect.[3] For example, DOHS established through witness testimony at the hearing that Ms. Dodrill left urine-soaked linens and clothes in a pile on the floor in J.M.'s bedroom; that Ms. Dodrill left J.M. in the same clothes she urinated in; and that when J.M. had feces in her underwear, Ms. Dodrill would not change her. These facts support the Board's conclusion that Ms. Dodrill placed J.M.'s health at risk by failing to provide her with necessary toileting care.

Additionally, Ms. Dodrill asks this Court to consider the supplemental evidence referenced in her brief. We decline the invitation. It is well-settled that an appellate court "shall deal only with evidence taken below and brought up for the purpose of a review of an order or decree made upon it below." *Maxwell v. Maxwell*, 67 W. Va. 119, 123, 67 S.E. 379, 381 (1910). "[I]t is the parties' duty to make sure that evidence relevant to a judicial determination be placed in the record before the lower [tribunal] so that [it] may properly [be] consider[ed] ... on appeal." *W. Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 493 n.6, 475 S.E.2d 865, 869 n.6 (1996). Because the supplemental evidence referenced in Ms. Dodrill's brief was not placed in the record below, we will not consider it on appeal.

For the foregoing reasons, we cannot conclude that the Board was clearly wrong in upholding DOHS's substantiation of the neglect allegations. Accordingly, we affirm the Board's August 25, 2025, decision.

Affirmed.

---

[3] As provided in West Virginia Code § 9-6-1(4) (2024), "'[n]eglect' means the unreasonable failure by a caregiver to provide the care necessary to maintain the safety or health of a vulnerable adult or self-neglect by a vulnerable adult, including the use of undue influence by a caregiver to cause self-neglect[.]"

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White